```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                            CRIMINAL ACTION NO. 2:16-00217

**CHELSEA FORE**

## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On August 9, 2021, the United States of America appeared by Patrick J. Jeffrey, Assistant United States Attorney, and the defendant, Chelsea Fore, appeared in person and by her counsel, Louie Thompson Price, Esq., for a hearing on a petition seeking revocation of supervised release, submitted by United States Probation Officer M. Dylan Shaffer. The defendant commenced a thirty-six (36) months term of supervised release in this action on November 21, 2018, as more fully set forth in the Judgment in a Criminal Case entered by the court on June 12, 2017.

The court heard the admissions of the defendant and the representations and arguments of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects:  (1) on November 20, 2020, the defendant committed the misdemeanor offense of driving on a public highway while her license was suspended or revoked, and on January 11, 2021, the defendant committed the misdemeanor offense of driving on a public highway while under the influence of drugs and driving while her license was suspended or revoked, all in violation of her terms of supervised release to not commit another federal, state, or local crime; (2) on June 23, 2020, the defendant submitted a urine specimen that tested positive for amphetamine and methamphetamine and the defendant verbally admitted to the probation officer that she had ingested methamphetamine; (3) on September 22, 2020, the defendant submitted a urine specimen that tested positive for amphetamine and methamphetamine and the defendant verbally admitted to the probation officer she had ingested methamphetamine; (4) on January 13, 2021, the defendant submitted a urine specimen that tested positive for methamphetamine and the defendant verbally admitted to the probation officer she had ingested methamphetamine; (5) on October 6, 2020, the defendant was directed to participate in

intensive outpatient substance abuse counseling and to attend weekly individual counseling sessions, and the defendant failed to attend weekly individual counseling sessions nine times between October 12, 2020, and December 28, 2020, failed to attend two individual counseling sessions in February, 2021, and failed to attend any individual counseling sessions in January, March, and April, 2021, on the dates and as set forth in the petition; (6) on October 6, 2020, the defendant was instructed to participate in weekly group counseling sessions and failed to attend eleven group counseling sessions from October 8, 2020, through December 28, 2020, and failed to attend twenty-five group counseling sessions from January 6, 2021, through April 29, 2021, on the dates and as set forth in the petition; (7) the defendant was directed to appear for mandatory random drug testing and the defendant failed to submit urine screens as instructed on January 28, February 19, March 19, March 31, April 16, and April 22 of 2021; (8) on April 30, 2021, the defendant began a 60-day placement of a global positioning system (GPS) unit with a curfew daily from 8:00 p.m. to 6:00 a.m., on May 4 and May 5, 2021, the defendant entered her residence after her 8:00 p.m. curfew, and on May 6, May 7, and May 9, the defendant failed to enter her inclusion zone by 8:00 p.m. and never returned to her inclusion zone, and on May 8, 2021, the

3

defendant left her inclusion zone at 10:51 p.m. and never returned, all as set forth in the petition; all as admitted on the record of the hearing by the defendant, and all as set forth in the petition, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583 (e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and she hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of THREE (3) MONTHS, with credit for time served, and a TWO (2) YEAR term of supervised release upon the same terms and

conditions as heretofore and the further condition that the defendant shall participate in and successfully complete the nine-to-twelve month residential treatment program at Recovery Point, to which program the defendant shall go DIRECTLY from the custody of the Bureau of Prisons, on the date of her release, to Recovery Point Charleston, 501 Stockton Street, Charleston, WV 25387.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: August 10, 2021

_____
John T. Copenhaver, Jr.
Senior United States District Judge

5